# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WESLEY W. WILSON,
                    Appellant,

                    v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
CH-3443-15-0216-I-1

DATE: June 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wesley W. Wilson, Chicago, Illinois, pro se.

K. Tyson Shaw, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  However, we FORWARD the appellant's claim of whistleblower retaliation to the Chicago Regional Office for docketing as a new individual right of action (IRA) appeal.

## BACKGROUND

¶2          The appellant filed this appeal challenging his nonselection for a merit promotion.  Initial Appeal File (IAF), Tab 1.  He alleged that the nonselection was discriminatory.  *Id*.  The administrative judge issued an acknowledgment order informing the appellant that the Board may not have jurisdiction over his nonselection appeal, but that the Board could have jurisdiction over, inter alia, a claim that a nonselection was in retaliation for whistleblowing.  IAF, Tab 2.  The appellant responded that the agency committed prohibited personnel practices; he also appeared to assert an employment practices claim.  IAF, Tab 6.  In a second jurisdictional order, the administrative judge informed the appellant of his jurisdictional burden with respect to an employment practices claim.  IAF, Tab 8.  The appellant responded, reasserting his prior argument and stating for the first time that he filed a complaint with the Office of Special Counsel (OSC) after he discovered his nonselection.  IAF, Tab 9 at 6.

¶3          The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 11, Initial Decision (ID).  Specifically, she found

that the appellant did not offer any argument or evidence that his nonselection constituted an appealable action.  ID at 8.  She also found that his allegations were insufficient to support an employment practices claim.  ID at 8.  She did not address the appellant's statement that he had filed an OSC complaint.

¶4      The appellant has filed a timely petition for review in which he alleges that he participated in protected whistleblowing activity when he filed an equal employment opportunity (EEO) complaint against the agency.[2]  Petition for Review (PFR) File, Tab 1 at 5-6.  The appellant further alleges that the agency retaliated against him for this activity by misclassifying him as not "mobile," which led to his nonselection.  *Id*.  The agency has responded in opposition to the petition for review.  PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

Employment Practices Claim

¶5      We agree with the administrative judge that the appellant has failed to establish jurisdiction over his employment practices claim.  The Board has jurisdiction over an employment practices appeal pursuant to 5 C.F.R. § 300.104(a) when two conditions are met:  (1) the appeal concerns an employment practice that the Office of Personnel Management (OPM) is involved in administering; and (2) the employment practice must be alleged to have violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103.  *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010).  An individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an

---

[2] On petition for review, the appellant has submitted additional evidence.  Petition for Review File, Tab 1 at 10-55.  We do not consider this evidence because it is not material to the issue of whether the Board has jurisdiction over this appeal.  *See* 5 C.F.R. § 1201.115(d).  However, even if we did consider this evidence, it would not affect our disposition in this case.

"employment practice."  *Prewitt v. Merit Systems Protection Board*, [133 F.3d 885](#), 887 (Fed. Cir. 1998).

¶6    The administrative judge found that the appellant "failed to submit evidence or even allege" the occurrence of anything other than an internal selection process by his employing agency.  *See* ID at 8.  The appellant challenges his nonselection because he disagrees with the agency's determination that he was not "mobile" and based upon allegations of discrimination and retaliation for EEO activity and whistleblowing.  IAF, Tab 1; PFR File, Tab 1 at 5.  The Board lacks jurisdiction over the appellant's claims, however, because these allegations do not show that his nonselection constituted an employment practice.[3]  *Manno v. Department of Justice*, [85 M.S.P.R. 696](#), ¶ 7 (2000) (finding that the appellant failed to allege or show that the agency's alleged mishandling of his employment application was pursuant to or part of any rule or practice).

Whistleblower Retaliation Claim

¶7    The Board generally does not have jurisdiction to review an agency's decision not to select a particular applicant for a vacant position.  *Sapla v. Department of the Navy*, [118 M.S.P.R. 551](#), ¶ 8 (2012).  The Board, however, may have jurisdiction over nonselection appeals in the context of an IRA appeal in which the appellant alleges retaliation under the Whistleblower Protection Act.  *Id*.  As the administrative judge does not appear to have considered whether the Board has jurisdiction over this case as an IRA appeal, and the parties have not been afforded the opportunity to address the issue of IRA jurisdiction under the proper jurisdictional standard, we find it appropriate to forward the appellant's appeal to the regional office for docketing and adjudication as an IRA appeal.  *See Neice v. Department of Homeland Security*, [105 M.S.P.R. 211](#), ¶ 17 (2007).

---

[3]  Absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claims that his nonselection constituted discrimination and EEO retaliation.  *Wren v. Department of the Army*, [2 M.S.P.R. 1](#), 2 (1980), *aff'd*, [681 F.2d 867](#), 871-73 (D.C. Cir. 1982).

After docketing this appeal, the administrative judge shall fully inform the appellant of the jurisdictional requirements in an IRA appeal and determine whether the Board has IRA jurisdiction over this matter, and then, if appropriate, determine the merits.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.